**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FREEMAN INVESTMENT MANAGEMENT CO., LLC, a Delaware corporation, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> FRANK RUSSELL COMPANY, a Washington corporation, DBA Russell Investment Group, <br><br> Defendant-Appellee. | No.  16-56511 <br><br> D.C. No. 3:13-cv-02856-JLS-RBB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted March 15, 2018
San Francisco, California

Before:  WATFORD and FRIEDLAND, Circuit Judges, and RAKOFF,[**] Senior District Judge.

Freeman Investment Management Co., LLC ("FIMCO") appeals the district

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Jed S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

court's decision granting summary judgment to Frank Russell Company ("Russell") on FIMCO's trade secret and breach of contract claims. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we AFFIRM.

"A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." *Keenan v. Allan*, 91 F.3d 1275, 1278 (9th Cir. 1996). "[I]t is not our task, or that of the district court, to scour the record in search of a genuine issue of triable fact." *Id.* at 1279 (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995)). Rather, "[w]e rely on the nonmoving party to identify . . . the evidence that precludes summary judgment." *Id.* (quoting *Richards*, 55 F.3d at 251). FIMCO has not done so here with respect to either of its claims.

To demonstrate entitlement to relief for misappropriation of a trade secret under California law, which the parties agree governs this claim, a plaintiff must show "(1) possession by the plaintiff of a trade secret; (2) the defendant's misappropriation of the trade secret . . . and (3) resulting or threatened injury to the plaintiff." *See Silvaco Data Sys. v. Intel Corp.*, 109 Cal. Rptr. 3d 27, 38 (Ct. App. 2010), *disapproved of on other grounds by Kwikset Corp. v. Superior Court*, 246 P.3d 877 (Cal. 2011). A trade secret is defined as information that: "(1) [d]erives independent economic value, actual or potential, from not being generally known

to the public or to other persons who can obtain economic value from its disclosure or use; and (2) [i]s the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Cal. Civ. Code § 3426.1(d). FIMCO has pointed to no evidence showing that any of the information in its 492-paragraph trade secret identification document ("TSID") is "not . . . generally known to the public." *Id.* Nor has FIMCO done so with respect to its narrowed list of eight trade secrets. We refuse to do this work for it. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[J]udges are not like pigs, hunting for truffles." (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991))).

For the same reason, the district court was correct to grant summary judgment to Russell on FIMCO's breach of contract claim. The non-disclosure agreement at issue defined confidential information as "nonpublic information that the disclosing party designates as being confidential or which, under the circumstances surrounding its disclosure, ought to be treated as confidential." As previously described, FIMCO has not pointed to any evidence in the record showing that any piece of information it disclosed to Russell was nonpublic. We decline to "scour the record" in search of that information. *Keenan*, 91 F.3d at 1279; *see also Indep. Towers of Wash.*, 350 F.3d at 929.

**AFFIRMED.**

3